IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| KUCHAN DENT, | * |
| Plaintiff, | * |
| v. | *    Case No. 8:21-cv-01622-TJS |
| WALMART INC., et al., | * |
| Defendants. | * |

\* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Kuchan Dent ("Ms. Dent") brought this negligence action against Defendants Walmart, Inc., Wal-Mart Stores East, LP, Wal-Mart Real Estates Business Trust, and Hotel Ambassador Co. (collectively, "Walmart") after falling in the crosswalk outside a Walmart store in Prince Frederick, Maryland on December 16, 2017.[1] ECF No. 2. Previously, the Court denied Walmart's motion for summary judgment (ECF No. 22) without prejudice to renewal so that the parties could complete expert discovery. ECF No. 27. After expert discovery was completed and discovery closed, Walmart filed its Renewed Motion for Summary Judgment ("Motion") (ECF No. 32). Having considered the submissions of the parties (ECF Nos. 32, 37, & 40), the Court finds that no hearing is necessary. *See* Loc. R. 105.6. For the reasons set forth below, the Motion will be granted.

---

[1] Plaintiff filed her Complaint in the Circuit Court for Calvert County, Maryland. ECF No. 2. On June 30, 2021, Walmart timely removed the case to this Court based on diversity jurisdiction, pursuant to 28 U.S.C. §§ 1332 and 1441. The case was originally assigned to Judge Chasanow. On January 11, 2022, Judge Chasanow referred the case to me for all proceedings by the consent of the parties, pursuant to 28 U.S.C. § 636(c). ECF No. 20.

1

**I.      BACKGROUND**

The facts below are construed in the light most favorable to Ms. Dent, the nonmoving party. On December 16, 2017, around 10:00 a.m., Ms. Dent went to the Walmart store located in Prince Frederick, Maryland. It was a sunny day and the parking lot was dry. In the parking lot, a pedestrian crosswalk was marked with painted white lines. Ms. Dent was walking in the crosswalk when she tripped over a crack in the pavement and fell.

Before Ms. Dent proceeded into the crosswalk, she slowed down to see if any cars were coming. When the only car in the vicinity stopped so that the could cross, Ms. Dent waved and continued walking. *See* ECF No. 37, Ex. 1 at 31:12-17; *id.* Ex. 2 at 1:01:00. As she proceeded through the crosswalk, her boot caught on a crack in the pavement and she fell to the ground. *See id.* At the time of her fall, there were no other pedestrians in the crosswalk and nothing in the crosswalk was obstructing her ability to see the crack in the pavement. *See id.* Ms. Dent did not notice the crack prior to falling. *See* ECF No. 37 at 3. After Ms. Dent fell, three people helped her up and took her into the store. *See* ECF No. 37, Ex. 2 at 36:5-20. She was eventually transported by ambulance to the hospital for treatment. *See id.* at 37:13-17.

The assistant manager of the Walmart took Ms. Dent's report of the incident and photographed the area. *See* ECF No. 32 at 2. Ms. Dent's daughter went to the site of Ms. Dent's fall later in the day to take pictures of the site for herself. *See* ECF No. 37, Ex. 2 at 37:21-38:5. Both sets of photographs are in the record. The parties' experts agree that the height differential of the crack in the pavement was between one-half to three-quarters of an inch. *See* ECF Nos. 32-8 at 6; 32-9 at 2-3. According to Ms. Dent's expert, the crack in the pavement was approximately 2.8 feet long, measured as the hypotenuse side of the triangle connecting two perpendicular seams in the concrete walkway. ECF No. 37-3 at 7.

## II. STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the moving party to demonstrate the absence of any genuine dispute of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If sufficient evidence exists for a reasonable jury to render a verdict for the party opposing the motion, then a genuine dispute of material fact is presented, and summary judgment should be denied. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, the "mere existence of a scintilla of evidence in support of the [opposing party's] position" is insufficient to defeat a motion for summary judgment. *Id.* at 252. The facts themselves, and the inferences to be drawn from the underlying facts, must be viewed in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

## III. ANALYSIS

To prevail on a claim of negligence in Maryland, a plaintiff must prove the following elements: "(1) that the defendant was under a duty to protect the plaintiff from injury, (2) that the defendant breached that duty, (3) that the plaintiff suffered actual injury or loss, and (4) that the loss or injury proximately resulted from the defendant's breach of the duty."[2] *Valentine v. On Target, Inc.*, 353 Md. 544, 549 (1999) (internal quotation marks omitted). As a preliminary matter,

---

[2] A federal court sitting in diversity must apply the choice of law rules of the state in which it sits. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496 (1941). Maryland adheres to the *lex loci delicti* rule to determine the applicable law in tort actions. *Philip Morris Inc. v. Angeletti*, 358 Md. 689, 744 (2000). Under this rule, the "substantive tort law of the state where the wrong occurs governs." *Hauch v. Connor*, 295 Md. 120, 123 (1983). Because the alleged tort took place in Maryland, Maryland law governs Ms. Dent's negligence claim.

"no presumption of negligence arises merely because an injury was sustained on a storekeeper's premises." *Giant Food, Inc. v. Mitchell*, 334 Md. 633, 636 (1994).

Under Maryland law, "[a]n occupier of land has a duty to use reasonable and ordinary care to keep the premises safe for an invitee and to protect him from injury caused by the unreasonable risk that the invitee, by exercising ordinary care for his own safety, will not discover."[3] *Henley v. Prince George's County*, 305 Md. 320, 339 (1986). Stated differently, a landowner possesses a duty to an invitee "to exercise ordinary care to keep the premises in a reasonably safe condition and will be liable for injuries sustained in consequence of a failure to do so." *Maans v. Giant of Maryland, L.L.C.*, 161 Md. App. 620, 627 (2005) (quoting *Rawls v. Hochschild, Kohn & Co.*, 207 Md. 113, 117 (1955)). Accordingly, "[t]he duties of a business invitor . . . include the obligation to warn invitees of known hidden dangers, a duty to inspect, and a duty to take reasonable precautions against foreseeable dangers." *Tennant v. Shoppers Food Warehouse Md. Corp.*, 115 Md. App. 381, 388 (1997); *see also Duncan-Bogley v. United States*, 356 F. Supp. 3d 529, 538 (D. Md. 2018) ("The duty owed to an invitee is to use reasonable and ordinary care to keep the premises safe for the invitee and to protect the invitee from injury caused by an unreasonable risk which the invitee, by exercising ordinary care for his own safety, will not discover.") (quoting *Casper v. Charles F. Smith & Son, Inc.*, 316 Md. 573, 560 A.2d 1130, 1135 (1989)). "An owner or occupier ordinarily has no duty to warn the invitee of open, obvious, and patent dangers." *Duncan-Bogley*, 356 F. Supp 3d at 538.

---

[3] The standard of care that the owner or occupier of land owes depends on the status of the person who enters the property. *Rowley v. Mayor & City Council of Baltimore*, 305 Md. 456, 464 (1986). "An invitee is one invited or permitted to enter or remain on another's property for purposes connected with or related to the owner's business." *Bramble v. Thompson*, 264 Md. 518, 521 (1972). The parties do not dispute Ms. Dent's status as a business invitee. *See* ECF Nos. 32 at 1; 37 at 3.

"Courts have found that minor variations in ground surface generally do not amount to unreasonable risks because pedestrians customarily and ordinarily expect to encounter such variations in terrain." *Duncan-Bogley*, 356 F. Supp. 3d at 538-39 (citing *Schaefer v. United States*, No. PX-15-02690, 2017 WL 2506174, at *3 (D. Md. June 9, 2017) (holding that a crack in the sidewalk with a depth of 1.5 inches did not pose an unreasonable risk); *Leatherwood Motor Coach Tours Corp. v. Nathan*, 84 Md. App. 370, 382 (1990) (holding that the uneven ground surface on shoulder of highway posed no unreasonable risk because pedestrians are bound to protect themselves from comparative roughness of the ground); *Christian v. United States*, 859 F. Supp. 2d 468, 476 (E.D.N.Y. 2012) (holding that, under New York law, a 1.25 inch height differential in the sidewalk adjacent to the post office was not a dangerous condition); *Pierce v. Baltimore*, 220 Md. 286 (1959) (holding the defect was not slight or trivial where plaintiff caught his foot under a metal plate covering a drain and the metal plate was raised seven or eight inches above the concrete walls of the drain)). This Court has recognized that "[i]t is simply a fact that pavements will in time become irregular and uneven from roots of trees, heavy rains and snows, or other causes." *Duncan-Bogley*, 356 F. Supp. 3d at 538-39 (internal quotation marks omitted); *McManus v. Target Corp.*, No. CCB-18-1672, 2019 WL 1746696, at *4 (D. Md. Apr. 17, 2019) ("Regrettably, sidewalk imperfections are a part of ordinary life. At times they may cause someone to fall, and the result may be merely an unfortunate accident rather than a tortious breach of duty.").

Additionally, a landowner is not an insurer of an invitee's safety while on its property. *Moulden v. Greenbelt Consumer Services, Inc.*, 239 Md. 229, 232 (1965). Rather, "[l]ike the owner, the invitee has a duty to exercise due care for his or her own safety . . . includ[ing] the duty to look and see what is around the invitee." *Tennant*, 115 Md. App. at 389. Therefore, the owner

or occupier of land "ordinarily has no duty to warn an invitee of an open, obvious, and present danger." *Id.*

"There is no exact test or formula by which it may be determined, as a matter of law, that a condition is so open and obvious that an invitee is charged with knowledge of its existence and consents to the risk." *Gellerman v. Shawan Rd. Hotel Ltd. P'ship*, 5 F. Supp. 2d 351, 353 (D. Md. 1998). Instead, each case depends on its own facts and circumstances. *Id.* Still, "[i]t is common knowledge that small cracks, holes and uneven spots often develop in pavement; and it has been held that where there is nothing to obstruct or interfere with one's ability to see such a 'static' defect, the owner or occupier of the premises is justified in assuming that a visitor will see it and realize the risk involved." *Gellerman*, 5 F. Supp. 2d at 353 (citing *Scott v. Sears, Roebuck and Co.*, 789 F.2d 1052, 1054 (4th Cir. 1986) ("The pedestrian must be aware of the 'irregularities in grade, unevenness in surface [and] sharp depressions' frequently present in public walkways . . . . If the defect is open and obvious, an injured pedestrian may not recover unless he can prove that external conditions prevented his seeing the defect or would excuse his failure to see it . . . . Failure to observe would be excused only by a distraction that was unexpected and substantially beyond the miscellany of activity normally found on public sidewalks . . . .") (applying Virginia law; citations omitted)).

The parties agree that Ms. Dent was a business invitee at the time of her fall and that Walmart owed her a duty of reasonable and ordinary care under Maryland law. The parties dispute whether Walmart breached this duty.

### A.   Dangerous or Defective Condition

Walmart argues that there is no evidence that it failed to use reasonable and ordinary care to keep its premises safe and to protect Ms. Dent from unreasonable risks that were not open and

obvious. ECF No. 32 at 5. Walmart notes Ms. Dent should have been able to see the crack in the pavement: the crack was darker than the surrounding pavement and there was a break in the white paint denoting the crosswalk that highlighted the existence of the crack. *Id.* at 10. *Id.* Walmart also notes that there were no other hazards in the parking lot "such as snow, ice, or debris" and the crack in the pavement was "in an unobstructed, open area of the vehicular way in the parking lot." *Id.*

In her response, Ms. Dent argues that Walmart breached its duty of care because the crack in the pavement was "in an area where Walmart would anticipate that pedestrians (their customers) would have to negotiate other patrons walking in and out with carts and merchandise as well as cross-traffic from cars." ECF No. 37 at 11. She also points to the report of her expert, Gregory A. Harrison, Ph.D., P.E. *Id.* at 8. Dr. Harrison determined that the crack in the pavement was not caused by "ordinary wear and tear" because "tires and cars, vans and trucks . . . don't break concrete." *Id.* He speculated that the crack could have been caused by "a concentrated load force," like the "foot pad of a mobile crane performing repairs to the Walmart storefront sign." ECF No. 37-3 at 7. Dr. Harrison characterized the crack in the pavement as "sufficient to pose a material pedestrian trip and fall hazard because of its irregular and 'failed' surface condition." *Id.* at 8. In his opinion, the crack in the pavement created "an unreasonably dangerous situation for pedestrians." *Id.* Dr. Harrison also opined that the crack in the pavement

> was not in compliance with any standard of care associated with pedestrian walking surface safety or with a walking surface as expressed within the Maryland Uniform Building Code, the Life Safety Code [LSC], ASTM F-1637, MOSHA, past Maryland counties building codes pre-2000, the Maryland county standard drawings for parking lots, sidewalks, and other pedestrian walkway surfaces.

*Id.*

Relying largely on Dr. Harrison's report, Ms. Dent argues that the Court should deny the Motion because a reasonable jury could conclude that Walmart was negligent. ECF No. 37 at 10-11. And as for the litany of cases that have entered summary judgment in favor of defendants under similar circumstances, *see, e.g.*, *Duncan-Bogley*, 356 F. Supp. 3d at 538, Ms. Dent urges the Court to look past those cases and decide this case on its own facts. ECF No. 37 at 11. Ms. Dent notes that the photographs of the crack in the pavement show a crack that was "large enough to catch a shoe, or in this case a boot," was "camouflaged by the stains, markings and painted area," and that the crack was located "in a crosswalk, where defendants know that the Plaintiff will have to watch for crossing traffic, and other pedestrians." *Id.* at 12. Ms. Dent argues that Walmart had a duty to either repair the crack in the pavement or warn her about it. *Id.*

The Court is not persuaded by Ms. Dent's argument. Walmart owed a duty to Ms. Dent on the day of the incident because she was on its premises as a business invitee. However, Walmart did not breach its duty because the crack on the pavement was not an unreasonable risk. Variations in the surface of the ground "generally do not amount to unreasonable risks because pedestrians customarily and ordinarily expect to encounter such variations in terrain." *McManus*, 2019 WL 1746696, at *3 (quoting *Duncan-Bogley*, 356 F. Supp. 3d at 538). In *Duncan-Bogley*, this court concluded that a 0.75-inch height differential in a walkway was not a dangerous defect that posed an unreasonable risk to pedestrians without additional complicating factors such as an obstructed view, loose pavement, or the presence of snow or ice. 356 F. Supp. 3d at 539 (collecting cases in which courts have reached the same conclusion). Here, the pavement defect was a crack with a height differential between one-half to three-quarters of an inch. Even assuming that the crack in the pavement violated the various building and safety codes that Dr. Harrison cited, the defect was not an unreasonable risk for purposes of tort liability. *See Duncan-Bogley*, 356 F. Supp. 3d at 539

(explaining that the violation of local building codes and safety standards "is not conclusive evidence that the defect . . . posed an unreasonable risk for purposes of tort liability" because "the standards do not purport to impose duties on owners and occupiers of premises to private parties such that they may be held liable in tort for their violation").

The Court also finds that there was "nothing to obstruct or interfere with [Ms. Dent's] ability to see" the crack in the pavement. *See id.* It was a clear, sunny day, the pavement was not wet or icy, Ms. Dent was the only pedestrian in the crosswalk when she fell, and the surveillance footage demonstrates that there was nothing obstructing Ms. Dent's ability to view the crack in the pavement. The crack in the pavement was ordinary and minor, just as the sidewalk defect was in *Duncan-Bogley*. Because the crack did not present an unreasonable risk, Walmart had no duty to repair the crack or warn Ms. Dent so that she could avoid it. Under Maryland law, Walmart was "justified in assuming that [Ms. Dent] [would] see it and realize the risk involved." *Gellerman*, 5 F. Supp. 2d at 353. This is precisely the "kind of minor defect for which courts have refused to hold property owners liable." *Duncan-Bogley*, 356 F. Supp. 3d at 539.

B.     **Open and Obvious Risk**

In the alternative, Walmart argues that if the crack in the pavement presented an unreasonable risk, it was open and obvious such that a reasonably prudent person exercising due care would have noticed the crack and avoided injury. ECF No. 32 at 11. The Court agrees. Even if the crack in the pavement presented an unreasonable risk, Ms. Dent cannot recover because the undisputed facts demonstrate that the defect was open and obvious. *See Duncan-Bogley*, 356 F. Supp. 3d at 540. The crack in the pavement here was nothing out of the ordinary. Rather, it is of the type that pedestrians routinely encounter and can be expected to observe and realize the risk involved. *Id.* Although invitees "may be excused from observing open and obvious defects in

9

certain circumstances," Ms. Dent has not presented "any evidence that there was something unexpected or beyond the miscellany of normal activity so as to excuse her failure to observe the" crack in the pavement. *Id.* Ms. Dent asserts that she tripped as she was looking up to see whether her path was clear of any vehicles. See ECF No. 37 at 2. But Ms. Dent was responsible for remaining aware of ordinary defects on the ground even as she was also looking out for any oncoming vehicles. An approaching car does not excuse her from exercising reasonable care under these circumstances, where her view was unobstructed. *See Gellerman*, 5 F. Supp. 2d at 354.

The Court finds immaterial the opinion of Ms. Dent's expert that the crack was not caused by ordinary wear and tear, but rather by force. Whatever the cause of the defect, it was a routine crack in the pavement that could have been easily avoided by a reasonable person exercising reasonable care. Notably, there are no reports of other accidents at the crosswalk in front of the Walmart. And as demonstrated in the photographs submitted by the parties, the crack is clearly visible by pedestrians walking in the crosswalk. It was open and obvious such that Walmart was justified in assuming its business invitees would see the crack and avoid it. *See Gellerman*, 5 F. Supp. 2d at 353.

The Court concludes that, as a matter of law, a reasonable person in Ms. Dent's position exercising ordinary perception and care would have recognized the condition and the risks of the crack in the pavement. *Duncan-Bogley*, 356 F. Supp. 3d at 541. The open and obvious doctrine imposes a duty on a plaintiff to exercise due care for her own safety. In this instance, that duty required Ms. Dent to account for visible defects in ground surface. Because she failed to do so, Walmart is entitled to judgment as a matter of law.

## IV.  CONCLUSION

For the reasons set forth above, Walmart's Motion for Summary Judgment (ECF No. 32) is **GRANTED**.

October 11, 2023  
Date

/s/  
Timothy J. Sullivan  
Chief United States Magistrate Judge